# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**VALERIE O'DELL,**
**Claimant Below, Petitioner**

**FILED**

March 30, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 16-0387**  (BOR Appeal No. 2050883)
(Claim No. 2014010519)

**SEARS ROEBUCK AND COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Valerie O'Dell by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Sears Roebuck and Company by Jeffrey M. Carder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 24, 2016, in which the Board affirmed the October 23, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 4, 2015, decision. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. O'Dell, a retail worker, was injured on September 25, 2013, when an eight foot piece of a display fell and hit her on the right side of the back of her head. The claim was held compensable for an unspecified injury to the head and a cervical sprain/strain. Ms. O'Dell was later diagnosed with left de Quervain's tenosynovitis. The claims administrator denied the addition of left wrist de Quervain's tenosynovitis as a compensable condition. The first time Ms. O'Dell related she was having pain in her left arm was on December 19, 2013, when she advised Cris Rivera, PA-C, that she had dull pain and aches in her left shoulder and arm. Two days later, she was treated by Joseph Fazalare, M.D., for bilateral carpal tunnel syndrome, which was not work-related. Dr. Fazalare performed a bilateral carpal tunnel release. On April 10, 2014, during

1

a follow-up visit, Ms. O'Dell complained of left wrist pain. Dr. Fazalare noted the left wrist pain was from a work injury that involved "a direct blow to the dorsal of the wrist".

Sushil Sethi, M.D., performed an independent medical evaluation on June 20, 2014, and then performed a medical records review on July 22, 2014. He opined Ms. O'Dell had a mild concussion as a result of the work injury and diagnosed post-concussive syndrome. Dr. Sethi did not believe Ms. O'Dell needed any additional treatment or diagnostic testing due to the injury.

An August 14, 2014, left wrist MRI revealed deQuervain tenosynovitis and mild edema in the anterior distal radius that could have been degenerative in nature but in the setting of a bone bruise was not excluded. Dr. Fazalare diagnosed deQuervain's tenosynovitis of the left wrist and thumb. Ms. O'Dell was treated conservatively with injections, and when those provided no relief she underwent a left tenosynovectomy.

Bill Hennessey, M.D., performed an independent medical evaluation on May 22, 2015. He noted Ms. O'Dell did not know how she hurt her left wrist but assumed it was due to the injury because her left wrist started hurting shortly after. Dr. Hennessey noted Ms. O'Dell continued to report pain on the radial aspect of her left wrist following the left tenosynovectomy. Her continued symptoms had not been explained by Dr. Fazalare, or any other medical provider. Dr. Hennessey opined if Ms. O'Dell had a post-traumatic medical condition that lasted for three years following the injury, she should have experienced the pain from the condition on the date of the injury. He noted the left tenosynovectomy would involve removing the synovium. Dr. Hennessey did not know how Ms. O'Dell could experience pain in the synovium when it was no longer there. He explained that synovitis is an inflammation of the synovium. As Ms. O'Dell no longer had a synovium, she could not have inflammation of her synovium. Dr. Hennessey could find no plausible physical medical basis for Ms. O'Dell to have pain in her left wrist.

The Office of Judges agreed with the claims administrator and affirmed its decision on October 23, 2015. The Office of Judges determined Ms. O'Dell's left wrist symptoms did not result immediately from the injury and there is no evidence that she may have actually injured her wrist on September 25, 2013. It found the opinion of Dr. Hennessey regarding the causation of the condition persuasive and determined the symptoms could not be attributed to the injury. Ms. O'Dell continued to experience symptoms related to the synovitis, which Dr. Hennessey explained was anatomically impossible as she no longer had a synovium. It agreed that there was no plausible physical medical basis for the ongoing symptoms.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 24, 2016. After review, we agree with the Board of Review. The only physician that attributed the left de Quervain's tenosynovitis to the injury was Dr. Fazalare. However, he was under the impression that Ms. O'Dell was struck on the left wrist by the display section. Moreover, Ms. O'Dell did not report complaints regarding left arm symptoms until at least three months following the injury, and she continued to experience symptoms when there was no anatomical reason for the symptoms. Based on the totality of the evidence, Ms. O'Dell has not proven that the left de Quervain's tenosynovectomy was related to the work injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 30, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker